**NEVADA LEGAL SERVICES**
RON SUNG, ESQ.
Nevada State Bar No. 13047
I. KRISTINE BERGSTROM, ESQ.
Nevada State Bar No. 10841
NEVADA LEGAL SERVICES, INC.
530 South 6th Street
Las Vegas, Nevada 89101
(702) 386-0404 x148
Facsimile (702) 388-1641
rsung@nlslaw.net
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ANTORIA PICKENS, )
       )
    Plaintiff, )   CASE NO. 2:15-cv-00203-JCM-GWF
       )
    vs. )
       )   **PLAINTIFF'S RESPONSE TO**
SOUTHERN NEVADA REGIONAL )   **DEFENDANTS' COUNTERMOTION**
HOUSING AUTHORITY, and )   **FOR SUMMARY JUDGMENT**
JOHN HILL in his official capacity as )
Executive Director, )
       )
    Defendants. )
       )

    Plaintiff ANTORIA PICKENS (Pickens), by and through her counsel of record, Ron Sung, Esq., of Nevada Legal Services, Inc., hereby submits this RESPONSE TO DEFENDANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT under Rule 56(a) of the Federal Rules of Civil Procedure.

///

///

1

A.  **DEFENDANTS VIOLATED LOCAL RULES**

DEFENDANTS SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY and JOHN HILL (hereinafter collectively "Housing Authority") have filed a Response to Motion for Summary Judgment and Countermotion for Summary Judgment on May 18, 2015 (Doc. #13). Special Order 109 of the United States District Court for the District of Nevada (District Court) requires a separate document to be filed for each type of document or purpose. Housing Authority has failed to file a separate motion for summary judgment by including its Countermotion with its Response. The inclusion of Housing Authority's Countermotion with its Response means the Countermotion violates Special Order 109. *Gibbons v. Nat'l. Union Fire Ins. Co.*, 2:14-CV-586 JCM (VCF), 2015 U.S. Dist. LEXIS 64025, *10-11 (D. Nev. 2015).

Local Rules of Practice of the District Court also require points and authorities for every motion and response. LR 7-2(d). The Response and Countermotion filed by Housing Authority consists of a single "Points and Authorities." Defendants Response to Motion for Summary Judgment and Countermotion for Summary Judgment (Response and Countermotion) at 1-2. If Special Order 109 is enforced, then the singular Points and Authorities either support the Response or Countermotion. This means that the other motion/document lacks a points and authorities.

From the context of the Response and Countermotion, the Points and Authorities support the Response. The Housing Authority argues that Plaintiff "cannot prove a discriminatory intent" and cannot establish that the Housing Authority "did not have a legitimate basis for establishing the policy for caretakers." Response and Countermotion at 7, lines 14-15, and at 8, lines 16-17. Pickens replies to these Housing Authority arguments in her concurrently filed and separate Reply to Response to Plaintiff's Motion for Summary Judgment

(Doc. 14). The violation of LR 7-2(d) would then apply to the Housing Authority's Countermotion. The failure of the Housing Authority to file points and authorities in support of its Countermotion "shall constitute a consent to the denial of the motion." LR 7-2(d). Pickens respectfully requests that this Court deny the Housing Authority's Countermotion.

## II.     DEFENDANTS LACK LEGAL BASIS FOR SUMMARY JUDGMENT

If this Court allows the Housing Authority's Countermotion to proceed, Pickens asks the Court to incorporate the argument contained in her Reply to Response to Plaintiff's Motion for Summary Judgment (Doc. 14). If Pickens prevails on her Motion for Summary Judgment, Housing Authority logically cannot prevail on its Countermotion.

The Housing Authority has based its Countermotion on this simple argument:

> The evidence shows that Plaintiff violated SNRHA's [Housing Authority's] policies and procedures and that SNRHA appropriately enforced its legal policies and procedures. Accordingly, summary judgment should be entered in favor of Defendants [Housing Authority] . . . .

Response and Countermotion at 9, lines 14-16. Pickens filed her complaint based on the violation of the Fair Housing Act by Housing Authority for enforcing discriminatory rules against Pickens. Complaint (Doc. #2) at 5-6. If Pickens prevails on her Motion, then the enforcement of policies and rules is not legal and the Housing Authority cannot prevail on its Countermotion.

Even if the Court does not rule in favor of Pickens, the Housing Authority still needs to supply a basis for summary judgment. Following its own rules does not mean the Housing Authority is entitled to judgment as a matter of law because Pickens still can prevail under a

3

disparate treatment theory.[1]  The confusion between Housing Authority successfully opposing Pickens' motion for summary judgment and obtaining its own motion for summary judgment has led to the confusion inherent in the combination of Housing Authority's Response and Countermotion.

## CONCLUSION

Any motion for summary judgment requires the moving party to be eligible for judgment as a matter of law if the material facts are not in dispute.  The Housing Authority needs points and authorities and to file a separate motion for summary judgment, but more importantly Housing Authority needs to supply a legal basis for this Court to Order summary judgment.  Because the Housing Authority has followed the wrong procedure and supplied no legal basis for judgment as a matter of law, its Countermotion for Summary Judgment should be denied.

DATED this 26 day of May, 2015.

Respectfully Submitted,
NEVADA LEGAL SERVICES, INC.

RON SUNG, ESQ.
Nevada State Bar No. 13047
I. KRISTINE BERGSTROM, ESQ.
Nevada State Bar No. 10841
NEVADA LEGAL SERVICES, INC.
530 South 6th Street
Las Vegas, Nevada 89101
(702) 386-0404 x148
Facsimile (702) 388-1641
rsung@nlslaw.net
Attorneys for Plaintiff

---

[1] If this Court finds that the Housing Authority's guardianship policy is not discriminatory on its face, then Pickens can still survive summary judgment if she can establish disparate treatment by the Housing Authority. *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995).

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. Pro. 5(B), I certify that I am an employee of Nevada Legal Services, Inc., and that on this day, I served a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' COUNTERMOTION FOR SUMMARY JUDGMENT via first-class mail addressed to the following:

> Amber White-Davidson, Esq.
> Theodore Parker, III, Esq.
> Parker Nelson & Associates, CHTD.
> 2460 Professional Court, Suite 200
> Las Vegas, Nevada 89128
> awhite-davidson@pnalaw.net
> Attorneys for Defendants

Dated this 26 day of May, 2015.

_____
Employee of Nevada Legal Services, Inc.

5