UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTORIA PICKENS, | Case No. 2:15-cv-00203-JCM-GWF |
| Plaintiff, | ORDER |
| v. | |
| SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY, et al., | |
| Defendants. | |

Presently before the court is plaintiff Antoria Pickens' ("plaintiff") motion for summary judgment. (Doc. # 12). Defendants Southern Nevada Regional Housing Authority (the "housing authority") and John Hill ("defendants") filed a response (doc. # 13), and plaintiff filed a reply, (doc. # 14).

Also before the court is defendants' countermotion for summary judgment against plaintiff. (Doc. # 16). Plaintiff filed a response to defendants' countermotion, (doc. # 15), and defendants filed a reply, (doc. # 17).

**I.   Background**

This case involves defendants' alleged violation of the federal Fair Housing Act ("FHA"), specifically 42 U.S.C. § 3601. Defendant housing authority is a public housing agency subject to 42 U.S.C. § 1437. Plaintiff also sues defendant John Hill in his official capacity as the executive director of the housing authority.

The United States Housing Act authorizes the housing authority to administer federally subsidized housing through section 8 housing choice vouchers ("section 8"). Under section 8, plaintiff leases an apartment from a private landlord, and the housing authority subsidizes a portion of her rent. Plaintiff's subsidy amount is tied in part to the number of authorized household

members that live in the unit.

In 2010, plaintiff added minors, Khyre Rutherford and L.P., to her household. Plaintiff has written permission from L.P.'s out-of-state, court-appointed guardian for L.P. to reside with her. Rutherford is now an adult, and L.P. will turn eighteen in December 2015. Plaintiff signed the housing authority's "Self-Certification of Physical Custody of Minor Child/Children" form to add L.P. to her household. The form states that plaintiff is L.P.'s temporary guardian, and it instructs plaintiff to seek a court-ordered guardianship for L.P. within one year.

Plaintiff's lease sets rent at $1,235.00 per month. (Doc. # 12, p. 5). Before August 2014, plaintiff paid $688.00, and the housing authority paid $547.00 per month. (*Id.*). In August 2014, the housing authority removed L.P. from plaintiff's household for the purposes of section 8. The housing authority also adjusted plaintiff's subsidy from a three-bedroom unit to a two-bedroom unit. As a result of L.P.'s removal, plaintiff now pays $760.00 and the housing authority pays $475.00 per month. (*Id.*).

On January 13, 2015, a housing authority case worker notified plaintiff that L.P. would be removed as a household member because plaintiff failed to obtain a court-ordered guardianship of her. (Doc # 2, p. 6). The housing authority refused to allow plaintiff to submit another temporary guardianship form. (*Id.*).

Plaintiff filed the instant action on February 23, 2015, seeking declaratory, injunctive, and monetary relief. (Doc. # 2). Plaintiff filed for summary judgment on the basis that defendants violated the FHA by requiring plaintiff to obtain a court-ordered guardianship for L.P. (Doc. # 12, pp. 1-2).

**II.     Legal standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility." *Id.* (internal quotation marks omitted). Authentication

requires that the proponent produce evidence that is sufficient to support a finding that the document is what the proponent claims it is. Fed. R. Evid. 901(a). "[U]nauthenticated documents cannot be considered in a motion for summary judgment." *Orr*, 285 F. 3d at 773.

## III. Discussion

### A. Plaintiff's FHA discrimination claim

A plaintiff may bring FHA claims by alleging disparate treatment or disparate impact. *See Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008). For a facially discriminatory policy, "a plaintiff makes out a prima facie case of intentional discrimination under the [FHA] merely by showing that a protected group has been subjected to explicitly differential—i.e. discriminatory—treatment" compared to others who are similarly situated. *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1050 (9th Cir. 2007) (citing *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995)).

Plaintiff alleges that the housing authority's guardianship policy discriminates on its face because it treats non-nuclear families differently from nuclear families. (Doc. # 12, p. 2). Plaintiff alleges that defendants unfairly discriminated against plaintiff for her familial status because plaintiff had written permission to have physical custody of L.P. from the child's legal guardian, but the housing authority refused to recognize her as a household member for section 8 purposes. (*Id.* at 6).

Defendants argue that plaintiff cannot compare nuclear families with non-nuclear families to establish disparate treatment because they are not similarly situated. (Doc. # 16, p. 6). Further, in their response, defendants ask the court to enter summary judgment in their favor because plaintiff did not submit timely guardianship documents for L.P., as required by the housing authority's policies. (*Id.*, p. 9).

#### i. FHA/HUD requirements and the housing authority requirements

Under the U.S. Housing Act of 1937, families that receive tenant-based assistance need only pay rent in total of 30% of the family's monthly adjusted income. As part of the calculation, a family can deduct $480.00 per minor child per month. 42 U.S.C. § 1437a(b)(5); 42 U.S.C. § 1437f(o)(2)(A)(i).

The FHA and Housing and Urban Development ("HUD") regulations prohibit discriminatory housing practices based on familial status. 42 U.S.C. § 3604(a)-(e); 24 C.F.R. § 100.60. Both define 'familial status' as:

> one or more [minors] being domiciled with [(1)] [a] parent or another person having legal custody of such [minor(s)]; or [(2)][t]he designee of such parent or the other person having such custody, with the written permission of such parent or other person.

42 U.S.C. § 3602(k) (emphasis added); 24 C.F.R. § 100.20 (emphasis added).

HUD promulgates section 8 regulations in 24 C.F.R. § 982. HUD allows local agencies like the housing authority to implement section 8 programs according to their own systems and local preferences in family selection. 24 C.F.R. § 982.551(h)(2).

The housing authority has issued two main requirements for temporary guardians to receive $480.00 in deductions for a minor living in the same unit. First, temporary guardians must complete and submit the housing authority's temporary guardianship form. Second, temporary guardians must receive court-ordered guardianship or custody within 365 days of the child moving into the unit. (Doc. # 12, p. 6; Exhibit G).

### ii. Facial discrimination of the housing authority's temporary guardianship policy

The court finds that the housing authority's requirement for temporary guardians to obtain court-ordered guardianship imposes an additional burden on non-nuclear families than on nuclear families. (*Id.*). After 365 days, an FHA qualifying designee must either transform her status into that of a legal guardian or forfeit section 8 housing assistance for the minor in her unit. Consequently, the housing authority's requirement restricts section 8 housing subsidies to only parents, legal custodians of minors, and temporary guardians for 365 days.

Defendants conflate the familial status protections in the two definitions of 42 U.S.C. § 3602(k). The first definition identifies parents and legal custodians as protected parties. The second definition, distinctly separated by a semi-colon and the word "or," protects designees who obtain written permission from the parents or legal custodians of the minor. Under the statute's plain meaning, Congress mandates protection of three types of guardians for minors: parents; legal

custodians; and designees of parents or legal custodians. *See* 42 U.S.C. § 3602(k). Thus, designees are similarly situated to parents and legal custodians because 42 U.S.C. § 3602(k) provides them all with equal protection under 'familial status.'

Defendants must give effect to both definitions of familial status in the FHA. However, the housing authority requirement for court-ordered guardianship requires all families—nuclear and non-nuclear—to comply with the first definition of familial status after 365 days or lose the deduction. This requirement impermissibly discriminates against non-nuclear families protected solely by the second definition of familial status. Therefore, the court finds that the housing authority's policy requiring all section 8 recipients to obtain legal guardianship violates federal law because it alters FHA/HUD protections for designees that otherwise qualify for familial status.

Accordingly, the court finds that the housing authority's guardianship policy is discriminatory on its face and violates federal law.

B.     *Burden shift*

To justify a facially discriminatory housing policy under FHA, defendant must show either that the restriction: (1) benefits a protected class, or (2) responds to legitimate safety concerns raised by individuals affected, rather than being based on stereotypes. *See* 42 U.S.C. § 3604(a). The burden then shifts to plaintiff, who must establish that defendant's reasons were a pretext for discrimination. *Budnick*, 518 at 1117.

The housing authority argues that the guardianship policy benefits non-nuclear families by providing "an internal process to allow an opportunity for caretakers to obtain legal custody or guardianship and still count the child as a household member for family composition/size purposes in establishing federal housing assistance." (Doc. # 13, p. 8). The housing authority alleges that enforcement of the 365-day policy is necessary to ensure that federal housing assistance is not awarded in violation of federal law. (*Id.*).

Defendants misconstrue the parties' burdens of proof. Defendants argue that the court should deny summary judgment because "plaintiff cannot prove defendant[s] . . . did not have a legitimate basis for establishing the policy." However it is for defendants to establish that a legitimate justification exists for the policy. (*Id.*).

Defendants suggest that an internal process that allows minors to count as temporary household members for 365 days is better than not allowing those minors to count at all for section 8 purposes. The denial of equal protection under the laws is not justified simply because it could have been a harsher denial. Designees have protected familial status under the FHA/HUD, and federal law does not require the housing authority to remove minors from households if their designees do not obtain court-ordered guardianship within 365 days.

Defendants fail to answer how a rule that mandates a court-ordered guardianship within 365 days benefits a protected class or addresses legitimate safety concerns. Accordingly, defendants fail to justify the housing authority's discriminatory policy. The court will grant plaintiff's motion for summary judgment against defendants for facial discrimination in violation of the FHA.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment, (doc. # 12), be, and the same hereby is, GRANTED. Plaintiff shall prepare an appropriate judgment and submit the same to the court within 20 days from this date.

IT IS FURTHER ORDERED that defendant's countermotion for summary judgment, (doc. # 16), be, and the same hereby is DENIED.

DATED THIS 4th day of November, 2015.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE